IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRIE GAMMON and CYNTHIA WILSON on behalf of themselves and others similarly situated, | )<br>)  CASE NO.<br>)<br>)  JUDGE |
| Plaintiffs, | ) |
| vs. | ) |
| MARIETTA OPCO, LLC D/B/A ARBORS AT MARIETTA, | )<br>)  **CLASS AND COLLECTIVE ACTION COMPLAINT**<br>) |
| Defendant. | )  **JURY DEMAND ENDORSED HEREON** |

Plaintiffs Terrie Gammon ("Gammon") and Cynthia Wilson ("Wilson") (Gammon and Wilson, together, "Plaintiffs"), by and through the undersigned counsel, for their Class and Collective Action Complaint against Defendant Marietta OPCO, LLC D/B/A Arbors at Marietta ("Defendant") state and allege the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. "Plaintiffsbrings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

7. Gammon is a resident of Marietta, OH and at all relevant times was employed as a Registered Nurse by Defendant at its Marietta, OH facility.

8. Wilson is a resident of Belmont, WV and at all relevant times was employed as a Registered Nurse by Defendant at its Marietta, OH facility.

9. Defendant is a Limited Liability Company organized under the laws of the state of Delaware and registered to do business in Ohio. Defendant employed Plaintiffs in Marietta, OH during all times relevant to this Complaint.

10. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

## FACTUAL ALLEGATIONS
## DEFENDANT'S UNLAWFUL PAYROLL POLICY

11. Plaintiffs, the Potential Opt-Ins, and all members of the Ohio Class are current or former non-exempt hourly employees of Defendant.

12. Defendant's payroll policy requires its non-exempt hourly employees to clock-in at the beginning of the work day and to clock-out at the end of the work day.

13. Defendant requires its non-exempt hourly employees to take a 30-minute unpaid lunch break in the course of the work day. Accordingly, 30 minutes or working time is automatically deducted per shift from its non-exempt hourly employees' payroll records.

14. However, Defendant's operational needs frequently required non-exempt hourly employees to work throughout their scheduled shift without taking the 30-minute lunch break. This was particularly the case for employees like Plaintiffs who worked in direct patient care positions. For example, as Registered Nurses, Plaintiffs were frequently required to prioritize immediate patient needs over taking a 30-minute personal lunch break. Consequently, Defendant's non-exempt hourly employees often did not get to take a 30-minute lunch break despite Defendant's payroll system automatically deducting the time.

15. Defendant had the ability to counteract the automatic deduction when an employees' lunch break was skipped or interrupted. Administratively, this could easily be accomplished by an employee completing a form indicating their lunch break was skipped.

16. In practice, however, Defendant refused to honor any such forms, and verbally told its non-exempt hourly employees that no such forms would be accepted.

17. Accordingly, Defendant's payroll practice of automatically deducting for a lunch period resulted in non-exempt hourly employees not being paid for all their hours worked,

3

resulting in unpaid overtime for Plaintiffs, the Potential Opt-Ins, and the Ohio Class.

18. For many of Defendant's non-exempt hourly employees, including Plaintiffs, missing lunch was such a common occurrence that two or more hours of overtime every week was missed.

19. As Defendant continued to unlawfully deduct from employee pay, some employees, including Plaintiffs, began turning in slips for lunches despite Defendant's admonishments.

20. Defendant, in response, would not adjust payroll, knowingly depriving Plaintiffs, the Potential Opt-Ins, and the Ohio Class from overtime. As a further measure, Defendant posted a sign reading "Missed lunch forms will not be signed until further notice."

21. Plaintiffs, the Potential Opt-Ins, and the Ohio Class were all subject to Defendant's unlawful payroll policy, resulting in unpaid overtime in violation of the FLSA.

22. The FLSA, and Ohio law required Defendant to pay overtime compensation to Plaintiffs, the Potential Opt-Ins, and the Ohio Class.

23. Defendant nevertheless willfully refused to pay overtime compensation to Plaintiffs, the Potential Opt-Ins, and the Ohio Class.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

26. The Potential Opt-Ins who are "similarly situated" to Plaintiffs with respect to Defendant's FLSA violations consist of:

> All of Defendant's current and former hourly non-exempt employees who were subject to Defendant's automatic meal deduction policy and who worked 40 or more hours in at least one workweek at any point from three years prior to the filing of this Complaint through the present.

27. Such persons are "similarly situated" with respect to Defendant ' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for hours worked in excess of forty (40) in a workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

29. The persons similarly situated to Plaintiffs are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

### CLASS ACTION ALLEGATIONS
### (Ohio Class)

30. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under

the laws of the State of Ohio (the "Ohio Class"), defined as:

> All of Defendant's current and former hourly non-exempt employees who were subject to Defendant's automatic meal deduction policy and who worked 40 or more hours in at least one workweek at any point from two years prior to the filing of this Complaint through the present.

32. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

33. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiffs and other class members all overtime pay due to them?
>
> Whether Defendant's failure to pay Plaintiffs and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> Whether Defendant kept adequate records of the hours worked by Plaintiffs and the other class members?

34. Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

35. Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel has broad experience in handling class action litigation,

including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

36. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

38. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

40. The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

41. Plaintiffs and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

42. Defendant failed to pay the overtime compensation to Plaintiffs and the Potential Opt-Ins.

43. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44. As a result of Defendant's violations of the FLSA, Plaintiffs and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffsor plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

45. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

47. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

48. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt hourly employees.

49. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

50. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

- Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

- Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

- Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins, and the Ohio Class;

- Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

- Award Plaintiffs their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
614 West Superior Avenue,
Suite 1148
Cleveland, OH 44113-2300
Telephone: (216) 230-2955
Email: clalak@ohlaborlaw.com
jmoyle@ohlaborlaw.com

Shannon M. Draher (0074304)
7266 Portage street, N.W. Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiffs*

10