IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TERRIE GAMMON and CYNTHIA WILSON on behalf of themselves and others similarly situated**, | : : : : |
| Plaintiffs, | : CASE NO: 2:19-cv-05140-JLG-EPD : : Judge James L. Graham |
| v. | : : |
| **MARIETTA OPCO, LLC D/B/A ARBORS AT MARIETTA** | : Chief Magistrate Judge : Elizabeth Preston Deavers : : |
| Defendant. | : : : |

## ORDER GRANTING JOINT MOTION FOR ORDER AND JUDGMENT ENTRY APPROVING SETTLEMENT OF COLLECTIVE ACTION AND DISMISSING ACTION WITH PREJUDICE

THIS MATTER came before the Court upon the Parties' Joint Motion for Order and Judgment Entry Approving Settlement of Collective Action and Dismissing Action with Prejudice. Having reviewed the Motion, the Parties' settlement papers, and the amounts to be paid to Plaintiff, the Potential Opt-In Plaintiffs, and for Plaintiff's attorneys' fees and costs, and the Court being otherwise fully advised on the Motion, it is **ORDERED AND ADJUDGED** as follows:

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Christopher J. Lalak, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA, the proposed FLSA Collective Action Settlement Notice, the proposed FLSA Consent to Join and Release Form, the proposed Service

Award to the Representative Plaintiffs, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. Plaintiffs filed their Complaint on November 22, 2019, alleging that Defendant violated the FLSA and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees for all overtime worked.

3. Defendant denies any liability or wrongdoing of any kind.

4. The Parties agreed to mediate this matter. To this end, on February 26, 2020 the Parties filed a Joint Motion to Stay Proceedings Pending Mediation. (ECF No. 11). This Court granted the Joint Motion. (ECF No. 12).

5. While the case was stayed, the Parties engaged in thorough informal discovery and analysis to inform the settlement discussions. Defendant produced detailed payroll information comprising a total of 206,436 lines of payroll information and punch data. Upon receiving this information, Plaintiffs' counsel, in conjunction with an economist, completed a damages analysis, identifying a total of 345 current and former employees with alleged Damages.

6. Plaintiffs' Counsel performed an expected valuation analysis of the damages, determining a fair settlement value in light of the uncertainties inherent to litigation. Based on this informed analysis, the Parties successfully mediated this case on June 10, 2020 with highly respected mediator Frank A. Ray.

7. The Parties reached the proposed settlement in this matter after extensive analysis and good faith bargaining.

8. To receive a settlement payment, an Eligible Settlement Participant must sign and return the FLSA Consent to Join and Release form attached to the Settlement Agreement as Exhibit 3. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to the Class Counsel within the forty-five (45) days after the mailing of the FLSA Collective Action Settlement Notice and the proposed FLSA Consent to Join and Release Form.

9. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the Qualified Claimants (i.e. those who elect to participate in the Settlement by signing and returning the FLSA Consent to Join and Release Form that is attached to the Agreement as Exhibit 1) are to be released and dismissed with prejudice.

10. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, adequate, and in the best interests of the FLSA Class Representatives and the FLSA Class Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

11. The Court approves the Agreement and its Exhibits, including the proposed FLSA Collective Action Settlement Notice and the proposed FLSA Consent to Join and Release Form, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the FLSA Collective Action Settlement as to the Qualified Claimants.

12. The Joint Motion is **GRANTED**. The Court finds that the Parties' proposed agreement to settle this FLSA action (the "Settlement") was reached following arms' length negotiations between the Parties which were well-informed by a statistical expected valuation analysis. The Court finds that the Settlement is fair, reasonable and just. The Settlement is **APPROVED**. The case is certified as a collective action for settlement purposes only. The Claims Administrator designated by the Parties is authorized to send the notices and issue the payments pursuant to the terms of the Settlement Agreement. Plaintiff's Counsel's request for attorneys' fees, costs, and expenses is approved. The request for the service payments to Representative Plaintiffs are also approved.

13. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration and distribution process.

This Action is **DISMISSED WITH PREJUDICE** as a final judgment and this matter is closed.  This Court will This Court will RETAIN JURISDICTION to enforce the Settlement.

IT IS SO ORDERED this 5th day of August, 2020.

/s/ James L. Graham

JAMES L. GRAHAM
United States District Judge